IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOSEPH STEERMAN,

  Petitioner,

vs.                      Civil No. 02-0163 MV/WWD

RONALD LYTLE,

  Respondent.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

  1. THIS MATTER comes before the Court upon Respondents' Motion to Dismiss, filed March 13, 2002 **[Doc. 10]**. Respondent contends that Mr. Steerman's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is time-barred subject to the one-year statute of limitations in the Antiterrorist and Effective Death Penalty Act of 1996 ("AEDPA").[1] See Hoggro v. Boone, 150 F.3d 1223, 1225 (10th Cir. 1998).

  2. Petitioner is incarcerated and is proceeding *pro se*. Petitioner's Judgment, Sentence and Commitment was filed on August 16, 1999. Answer, Ex. A. The New Mexico Court of Appeals affirmed Mr. Steerman's convictions on February 17, 2000. Answer, Ex. J. On May 31, 2000, the state appellate court issued its mandate to the district court. Answer, Ex. K. Petitioner's conviction became final no later than 30 days following entry of the mandate, on July 1, 2000. See Fitts v. Williams, 232 F.3d 901, 2000 WL 1480494 (10th Cir. Oct. 6, 2000) (unpublished disposition) (where state court of last resort did not rule on petitioner's appeal on

---

[1] Respondent also moves to dismiss Mr. Steerman's petition on the grounds that Petitioner has failed to exhaust available state remedies and has failed to raise any federal constitutional claims.

direct review, petitioner cannot include the 90 day period during which he might have filed a writ of certiorari with the United States Supreme Court in the tolling calculus for determining when the conviction became final); see also N.M.S.A. 1978 § 12-201 (notice of appeal shall be filed within 30 days after judgment). Thus, in order to avoid the one-year statute of limitations, Mr. Steerman was required to file his federal petition by June 30, 2001.

3. Mr. Steerman's present petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is not timely filed. The instant petition is file-stamped February 11, 2002. However, even assuming a filing date of December 6, 2001,[2] Mr. Steerman's federal application exceeds the limitations period by more than five months.

4. In addition, tolling of the limitations period during the pendency of state post-conviction review does not bring Mr. Steerman's petition within the one-year time limit. On April 2, 2001, Mr. Steerman filed a Petition for Alternative and Permanent Writ of Mandamus in state court,[3] which was denied on May 3, 2001. Answer, Exs. M, Q. Tolling the limitations period for 32 days would have extended the filing deadline to August 1, 2001. Thus, even applying the tolling provisions during which state proceedings were pending, Mr. Steerman's petition is untimely in that he filed his application more than four months after the limitations period expired.

---

[2] Petitioner indicated that his application was executed and mailed to opposing counsel on December 6, 2001. See Pet. at 13, 4 [sic]. "Pursuant to the mailbox rule, a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing." Hall v. Scott, 292 F.3d 1264, 1266 n.1 (10th Cir. 2002) (citing Houston v. Lack, 487 U.S. 266, 276 (1988)).

[3] Because the state petition for writ of mandamus did not seek review of Mr. Steerman's convictions, it could not toll the limitations period. I assume that the petition did toll the limitations period only to highlight the untimeliness of Petitioner's application.

5. The one-year statute of limitations may be equitably tolled, although only "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control." Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000). Equitable tolling is appropriate "only in rare and exceptional circumstances." Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). Moreover, Petitioner bears the burden of demonstrating that equitable tolling should apply. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998) (refusing to apply equitable tolling because the petitioner "provided no specificity regarding the alleged lack of access and the steps he took to diligently pursue his federal claims").

6. After reviewing the materials submitted by Petitioner,[4] I find that Mr. Steerman does not allege exceptional circumstances wherein equitable tolling would be appropriate. Moreover, although Petitioner was apparently aware of the one-year limitations period for filing his application, he fails to satisfactorily explain how his alleged difficulties prevented him from filing the instant petition in a timely manner. Thus, Petitioner has failed to meet his burden of showing that equitable tolling should be applied in this case.

**Recommendation**

I recommend that Respondents' Motion to Dismiss **[Doc. 10]** be granted and this cause be dismissed with prejudice on the finding that Petitioner's application for Writ of Habeas Corpus is barred as untimely under 28 U.S.C. § 2244(d)(1)(A).

---

[4] These materials included a letter from Petitioner dated March 17, 2002 and Petitioner's Reply to Response by Respondent State of New Mexico Seventh Judicial District Court, County of Socorro, and, Reply to Response by Don Klein, Jr. to Petition for Writ of Mandamus, filed March 22, 2002 **[Doc. 13]**.

Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                          UNITED STATES MAGISTRATE JUDGE